B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> H E NETER KUSH BEN ALKEBULAN | **DEFENDANTS** <br> UNITED STATES DEPARTMENT OF EDUCATION, <br> NELNET, INC. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT, PURSUANT TO 11 U.S.C § 523(a)(8) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001(6)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 37,901.55 PLUS ACCRUED INTEREST |
| Other Relief Sought <br> DISCHARGE FULL AMOUNT OF STUDENT LOANS PLUS ACCRUED INTEREST | |

FILED 2025 FEB 10 PM 12:50 U.S. BANKRUPTCY COURT RICHMOND DIVISION

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>HE NETER KUSH BEN ALKEBULAN | BANKRUPTCY CASE NO.<br>24-34499-KHK ||
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN | DIVISION OFFICE<br>RICHMOND | NAME OF JUDGE<br>KHK |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 2-10-2025 | HE NETER KUSH BEN ALKEBULAN |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Bankruptcy Case No.

Adversary Proceeding No.

## CERTIFICATE OF SERVICE

I, **H E NETER KUSH BEN ALKEBULAN**, certify that I am, and at all times during the service of process was, not less than
(name)
18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made __2-10-2025__ by:
(date)

✓ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:
UNITED STATES DEPARTMENT OF EDUCATION, 400 MARYLAND AVENUE, SW, WASHINGTON, DC 20202
NELNET, INC. 121 S. 13TH STREET, STE. 301, LINCOLN, NEBRASKA 68508

___ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:


___ Residence Service: By leaving the process with the following adult at:


___ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:


___ Publication: The defendant was served as follows: [Describe briefly]


___ State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]                                                    (name of state)


Under penalty of perjury, I declare that the foregoing is true and correct.

__2-10-2025__                                        __[signature]__
Date                                                      Signature

**Print Name**
H E NETER KUSH BEN ALKEBULAN

**Business Address**
6304 CLAYPOINT ROAD

**City**        **State**        **Zip**
CHESTERFIELD    VA              23832

[ver. 05/02]

# UNITED STATES ~~DISTRICT~~ BANKRUPTCY COURT

# EASTERN DISTRICT OF VIRGINIA

# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-34499-KHK |
| H E Neter Kush Ben Alkebulan, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| H E Neter Kush Ben Alkebulan, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. _____ |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| NELNET, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

## OF STUDENT LOAN DEBT

H E Neter Kush Ben Alkebulan, the debtor in the above referenced bankruptcy case and plaintiff in this adversary proceeding ("Plaintiff"), pursuant to 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6), complains of the Defendants, and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. §§ 157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## THE PARTIES

2. Plaintiff is an individual residing at 6304 Claypoint Road, Chesterfield, VA 23832.

3. Defendant United States Department of Education is a federal agency headquartered at 400 Maryland Avenue, SW, Washington, DC 20202 which originates and insures educational loans.

4. Defendant Nelnet, Inc. ("Nelnet") acts as a servicer for the United States Department of Education and is therefore a necessary party to this proceeding. Nelnet is a corporation which provides education related products and services, and student loan

asset management services in the United States and internationally, headquartered at 121 S. 13th Street, Suite 301, Lincoln, Nebraska 68508.

## **FACTS**

5. Plaintiff began his postsecondary education in the Summer of 1998 at Virginia Commonwealth University, where he was forced to drop out in Spring of 1999. The Plaintiff's father who is deceased did not earn enough to pay for his college education for another semester. Plaintiff later enrolled in an Associate's Degree program at Vance-Granville Community College and earned an Associate's Degree in 2009 while incarcerated in Federal Prison in Butner, NC. After incarceration Plaintiff enrolled in the Mitchell College of Business at the University of South Alabama in 2011 but did not complete his studies due to financial difficulties and suffering from depression after losing his father. Plaintiff later enrolled at Florida Memorial University in 2012 but did not complete his studies after being denied admission to the University of Florida Warrington College of Business.

6. Plaintiff financed his education with Federal Direct student loans held or serviced by Defendants.

7. While completing his studies, Plaintiff worked part-time customer service jobs and side gigs where his annual salary ranged from $6,000 to $8,000 per year. During this time, Plaintiff was in a near fatal motorcycle accident in Miami, FL which put Plaintiff in a

coma for 2 weeks and paralyzed him from the neck down. Plaintiff did not know if he would ever walk again. Plaintiff turned all of his attention to regaining his mental faculties and basic everyday movement and motor skills.

8. Plaintiff currently worked as a full-time stock associate and part-time floor staff and earned a salary of $13,195.77. As of January 28th, 2025 Plaintiff is unemployed.

9. On November 26th, 2024 ("Petition Date"), Plaintiff filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code.

10. On the Plaintiff's sworn Schedule F, Plaintiff disclosed that he owed various debts (the "Student Loan Debts") to the Defendants.

11. Plaintiff's total outstanding balance on the Student Loan Debts is approximately $37,901.55 plus accrued interest.

12. It is believed that the monthly payment for the Student Loan Debts is $336.24. Currently the Student Loan Debts are in forbearance.

13. Plaintiff worked as a full-time stock associate for Walmart Stores, Inc and part-time floor staff at Regal Cinemas. Plaintiff is currently unemployed as of January 28th, 2025.

14. Plaintiff's monthly household income was $2035.37. As of January 28th, 2025 Plaintiffs monthly household income is $0.

15. Plaintiff's monthly household expenses are $2811.12.

16. Plaintiff is 44 years old. He is not married and does not have any dependents.

17. Plaintiff lacks sufficient present and future income to meet necessary expenses and repay the Student Loan Debts.

18. Plaintiff lacks assets that can be liquidated to repay the Student Loan Debts.

## CLAIM FOR RELIEF

## UNDUE HARDSHIP

19. Plaintiff seeks relief under 11 U.S.C. 523(a)(8) stating that excepting the Student Loan Debts from discharge imposes an undue hardship.

20. Excepting student loan debt from discharge imposes an undue hardship if a debtor can demonstrate "(1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is

likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

21. The Plaintiff cannot, based on his current income and expenses, maintain a minimal standard of living for himself if forced to repay the Student Loan Debt. The monthly payment on the Student Loan Debt is believed to be $336.24. The Student Loan debt is currently in forbearance. Plaintiff's monthly household income was $2035.37 and his monthly household expenses are $2811.12, without the student loan payment.

22. The Plaintiff's job prospects indicate that this state of affairs is likely to persist for a significant portion of the repayment period of the Student Loan Debt. Despite having an Associate's degree, Plaintiff has never earned more than $59,471 annually and has about two decades left of his work life.

23. The Plaintiff's financial circumstances are not reasonably likely to change in the future, so to enable him to have the ability to otherwise repay the Student Loan Debt.

24. The Plaintiff has made good faith efforts to repay his loans, requesting deferments, enrolling in programs to reduce or eliminate his loans and forbearance when he was not able to make payments.

## **ALTERNATIVE STANDARD**

25. In the alternative, the *Brunner* Test has been superseded by subsequent changes to the Bankruptcy Code.

26. When *Brunner* was established in 1987, student loans were automatically dischargeable in bankruptcy, without the need to prove undue hardship if it had been more than five years since the loans first became due. Therefore, *Brunner* added a "good faith" element to 523(a)(8) for debtors attempting to discharge their loans before the five-year period.

27. Due to changes in the Bankruptcy Code, student loans became non-dischargeable absent an adversary proceeding to determine their dischargeability; therefore, the element of good faith under *Brunner* is no longer a necessary or needed protection against abuse, making a totality of the circumstances a more reasonable standard under the current Bankruptcy Code.

28. The totality of the circumstances test for undue hardship considers "(1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and his dependents' reasonable necessary living expenses; and (3) other relevant facts and circumstances surrounding that particular bankruptcy case." *Andrews v. S. Dakota Student Loan Assistance Corp.* 661 F.2d 702, 704 (8th Cir. 1981).

29. Under the totality of the circumstances standard, considering Plaintiff's past, present and reasonably reliable future financial resources and his reasonable necessary living expenses, Plaintiff is unable to make payments on the Student Loan Debts and it would be an undue hardship for the Student Loan Debt to not be discharged.

WHEREFORE, Plaintiff, H E Neter Kush Ben Alkebulan, seeks judgment declaring that repayment of the Student Loan Debts owed to the named Defendants pose an undue hardship and be deemed dischargeable pursuant to 11 U.S.C. § 523(a)(8) and grant such order and further relief as this Court may deem just and proper.

Dated: February 10th, 2025

Chesterfield, Virginia

H E Neter Kush Ben Alkebulan

By: _____

H E Neter Kush Ben Alkebulan, *Pro Se.*

6304 Claypoint Road

Chesterfield, VA 23832

(702) 540-8997 Telephone

hisexcellencyalkebulan@gmail.com

Debtor in Propia Persona