IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 24-34499-KHK |
| | ) | |
| H E NETER KUSH BEN ALKEBULAN, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| H E NETER KUSH BEN ALKEBULAN, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 25-03005-KHK |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' ANSWER

The United States of America, by counsel, answers the numbered paragraphs of Plaintiff's Complaint (Dkt 1) as follows:

1. Admits.

2. Admits.

3. Admits.

Robert P. McIntosh
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
Email: Robert. McIntosh@usdoj.gov
Counsel for the United States

4. Admits Defendant Nelnet, Inc. ("Nelnet") acts as a servicer for the United States Department of Education; lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Nelnet is a corporation which provides education related products and services, and student loan asset management services in the United States and internationally, headquartered at 121 S. 13th Street, Suite 301, Lincoln, Nebraska 68508; and denies the remainder of the allegations contained in paragraph 4.

5. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. The United States admits that Plaintiff received Federal Direct student loans held or serviced by Defendants. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6.

7. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Admits.

10. The United States admits that Plaintiff disclosed his Student Loan Debts to the Defendants in his Schedule[s]. The United States denies the remainder of the allegations contained in paragraph 10.

11. Admits.

12. Denies.

13. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Admits.

17. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. The United States admits that Plaintiff seeks relief under 11 U.S.C. § 523(a)(8). The United States denies the remainder of the allegations contained in paragraph 19.

20. The United States admits that undue hardship may be established if a debtor can demonstrate "(1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner v. N. Y. State Higher Educ. Servs. Corp.,* 831 F.2d 395, 396 (2nd Cir. 1987). The United States denies the remainder of the allegations contained in paragraph 20.

21. The United States admits that the Student Loan debt is currently in forbearance. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's monthly household income was $2,035.37 and his monthly household

expenses are $2,811.12, without the student loan payment. The United States denies the remainder of the allegations contained in paragraph 21.

22. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. The United States admits that Plaintiff made payment(s), and requested deferment(s) and forbearance. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 24.

25. Denies.

26. The United States admits that when *Brunner* was issued in 1987, student loans that became due before five years before the date of the filing of the petition were dischargeable. The United States denies the remainder of the allegations contained in paragraph 26.

27. Denies.

28. The United States admits that the "totality of the circumstances test," [as articulated by the Eighth Circuit Court of Appeals] considers a debtor's past, present, and reasonably reliable future financial resources, a calculation of the debtor's and dependents' reasonable necessary living expenses, and other relevant facts and circumstances. The United States denies the remainder of the allegations contained in paragraph 28.

29. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

WHEREFORE, the United States requests that the Court:

A. Dismiss the Plaintiff's Complaint with prejudice; and

B. Grant such other and further relief to the United States that the Court deems proper.

DATED this 26th day of March, 2025.

                                      Respectfully submitted,

                                      ERIK S. SIEBERT
                                      United States Attorney

By:   /s/ Robert P. McIntosh
       Robert P. McIntosh
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, I will electronically file the foregoing UNITED STATES' ANSWER with the Clerk of Court using the Court's CM/ECF system, which will then send a notification of such filing and link to the electronically filed documents via ECF e-mail to the following individual(s) at their addresses of record on the ECF system as follows:

Service of the foregoing was made upon the following non-users of the Court's CM/ECF System by depositing a true and correct copy thereof in the United States mail, first-class postage prepaid, addressed as follows:

> H E Neter Kush Ben Alkebulan
> 6304 Claypoint Road
> Chesterfield, VA 23832
> *Plaintiff, pro se*

Date: March 26, 2025.

 /s/ Robert P. McIntosh
ROBERT P. MCINTOSH