# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF VIRGINIA

# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-34499-KHK |
| H E Neter Kush Ben Alkebulan, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| H E Neter Kush Ben Alkebulan, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 25-03005-KHK |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| NELNET, INC., | ) | |
| | ) | |
| Defendants. | ) | |

RICHMOND DIVISION
FILED SEP 10 2025
CLERK U.S. BANKRUPTCY COURT

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO: HONORABLE KLINETTE H. KINDRED
UNITED STATES BANKRUPTCY JUDGE

Pursuant to Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, Plaintiff **H.E. Neter Kush Ben Alkebulan** respectfully moves this Court for summary judgment discharging his federal student loan debt under 11 U.S.C. § 523(a)(8).

The undisputed record demonstrates that repayment would impose an undue hardship, and no genuine issue of material fact remains. This motion is directed against both Defendants: the United States Department of Education ("ED") and its loan servicer, Nelnet, Inc.

### I. INTRODUCTION

Plaintiff seeks discharge of approximately **$39,026.64** in federal student loan debt. ED's own review of his servicing history, repayment efforts, and current circumstances—conducted pursuant to the Department of Justice's November 2022 Guidance—resulted in a formal recommendation supporting discharge. ED's findings, consistent with both the *Brunner* test and the *Totality of Circumstances* test, confirm that Plaintiff meets the governing legal standard.

This case presents the rare circumstance where **both the borrower's evidence and the creditor's own assessment align**: continued repayment would impose an undue hardship as a matter of law.

### II. STATEMENT OF UNDISPUTED FACTS

1. Plaintiff is 44 years old, unmarried, with no dependents, and resides in Chesterfield, Virginia.

1

2. Plaintiff has zero income as of January 28th, 2025, and his monthly household expenses were $2,811.12 when the debtor was working, attached hereto as Exhibit "1".

3. Plaintiff resides in a shed behind his mother's home, lacking a private kitchen or bathroom.

4. Plaintiff suffers from **permanent orthopedic and spinal impairments** stemming from a near-fatal motorcycle accident. These injuries include chronic back pain, reduced range of motion, and lower-extremity weakness, all of which severely limit mobility and eliminate the possibility of sustained physical labor. The resulting vocational restrictions are **permanent and medically documented**, attached hereto as Exhibit "2".

5. **Insurance Proceeds from 2018 Collision are Exempt and Legally Irrelevant**

   - In January 2019, Plaintiff received **$22,318.62** in net settlement proceeds from bodily injury claims arising out of a February 7th, 2018 rear-end collision attached hereto as Exhibit "3".
   - Pursuant to Va. Code § 34-28.1 and 11 U.S.C. § 522(b)(3), these proceeds are **exempt as compensation for personal injury**. See *In re Webb*, 214 B.R. 553, 556–57 (E.D. Va. 1997) (personal injury settlement proceeds exempt under § 34-28.1); see also *In re Butcher*, 125 F.3d 238 (4th Cir. 1997) (table).

2

- Plaintiff spent the entirety of these funds on **further medical care, physical therapy, and to maintain a minimal standard of living** in Las Vegas, Nevada, where he worked as a self-employed ride-share driver during recovery.
- No portion was available for, or applied to, student loan repayment.

6. Plaintiff financed his education through federal student loans held by the U.S. Department of Education and serviced by Nelnet, Inc.

7. Plaintiff's total outstanding loan balance is $39,026.64, with a standard repayment obligation of **$714.71/month** attached hereto as Exhibit "4".

8. Plaintiff has made $73 in payments, requested twenty deferments or forbearances totaling 31 months, and contacted loan servicers at least 17 times attached hereto as Exhibit "5".

9. Plaintiff explored Income-Driven Repayment (IDR) plans but could not afford the proposed monthly payments of **$336.24** attached hereto as Exhibit "6".

10. Plaintiff **did not** graduate from any institution and withdrew from multiple colleges, including Florida Memorial University and the University of South Alabama attached hereto as Exhibit "7".

11. Plaintiff filed a Chapter 7 bankruptcy petition on November 26th, 2024, and initiated this adversary proceeding on February 10th, 2025.

3

12. ED confirms loans entered repayment between 2012–2015, **satisfying the 10-year presumption under DOJ Guidance** attached hereto as Exhibit "7".

13. In a March 10th, 2025, letter, ED affirms Plaintiff's good faith efforts and recommends stipulating to the facts demonstrating undue hardship and consenting to discharge attached hereto as Exhibit "7".

14. Over the past year, the plaintiff applied to twenty-nine different jobs, doing everything he could to land steady work. Three of those applications led to offers he accepted in good faith, but for reasons beyond his control—like background checks or sudden changes to the workload by the employer—they didn't turn into lasting employment. The plaintiff didn't just stop there: he gave his time to Feed More, helping make sure people in his community had a meal, because service matters just as much as a paycheck. Plaintiff also started working toward a Commercial Driver's License to try and open new doors for himself. All of this shows the plaintiff is not waiting for opportunity to come to him attached hereto as Exhibit "8".

15. On August 18th, 2025, Plaintiff learned that his longtime girlfriend of thirteen years is pregnant with their first child. This foreseeable and imminent parental responsibility will increase Plaintiff's household expenses and financial obligations in the coming months, further constraining his already inadequate resources attached hereto as Exhibit "9".

16. As proof that Plaintiff is entitled to the relief requested in the Complaint, Plaintiff relies on the Complaint and documents attached hereto as Exhibit "1-9".

## III. LEGAL STANDARD

Under 11 U.S.C. § 523(a)(8), student loans may be discharged if repayment would impose an "undue hardship." Courts apply either the Brunner Test or the Totality of Circumstances Test.

**A. Brunner Test – Brunner v. N.Y. State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987)**

1. Debtor cannot maintain a minimal standard of living.
2. Circumstances are likely to persist.
3. Debtor has made good faith efforts to repay.

**B. Totality of Circumstances – Andrews v. S.D. Student Loan Assistance Corp., 661 F.2d 702 (8th Cir. 1981)**

1. Debtor's past, present, and reasonably reliable future financial resources.
2. Debtor's and dependents' reasonable and necessary living expenses.
3. Other relevant facts and circumstances.

## IV. ARGUMENT

**A. Plaintiff Meets All Prongs of the Brunner Test**

5

1. Minimal Standard of Living

    - ☑ Plaintiff has zero income, when working his monthly expenses were $2,811.12, and he lives in a shed without basic amenities. Repayment would force Plaintiff to forgo essential needs.

2. Persistent Circumstances

    - ☑ ED confirms Plaintiff's loans have been in repayment for over 10 years. Plaintiff suffers from a chronic injury and long-term unemployment. ED also notes Plaintiff withdrew from multiple institutions and did not graduate, supporting the presumption that hardship will persist. The situation is now compounded by the August 18th, 2025 confirmation that Plaintiff's girlfriend is expecting their first child. Anticipated prenatal, delivery, and newborn expenses will necessarily consume scarce resources, leaving no room for student loan payments without sacrificing basic family necessities.

3. Good Faith Efforts

    - ☑ ED affirms Plaintiff's good faith based on:
    - 17 documented contacts with servicers
    - Twenty deferment/forbearance applications totaling 31 months

- Requested enrollment in IDR plans and attempted consolidation
- $73 in payments made despite limited income

## B. Totality of Circumstances Also Supports Discharge

Plaintiff's situation mirrors that in Andrews, where the court considered health, income, and future prospects. Plaintiff's medical limitations, lack of assets, and inability to secure stable employment justify discharge under this broader test. The imminence of first-time parenthood adds unavoidable child-related expenses to an already bare-bones budget. This development underscores the long-term nature of Plaintiff's hardship. Even optimistic projections of future income would be insufficient to meet student loan obligations without depriving his household—including a future dependent child—of basic support.

## C. The Insurance Proceeds Are Exempt and Legally Irrelevant to the Ability to Pay

Defendants may contend that the $22,318.62 in 2018 accident proceeds should offset hardship. This argument fails on both legal and factual grounds.

1. **Exempt Under Bankruptcy Law**

Virginia has opted out of federal exemptions, but Va. Code § 34-28.1 expressly shields "[a]ll causes of action for personal injury and the proceeds derived therefrom." Federal courts in this Circuit—including *In re Webb*, 214 B.R. at 556–57—have enforced this protection, excluding such funds from the bankruptcy estate. The Fourth Circuit affirmed similar treatment in *In re Butcher*, 125 F.3d 238.

7

2. **Expended on Medical Necessities and Basic Needs**

Even if these funds were considered, the record shows they were entirely consumed by:

- Continuing medical treatment and physical therapy arising from the 2018 collision;
- Basic living expenses in Las Vegas during a period of medically-limited self-employment.
- In *Erbschloe v. U.S. Dep't of Educ.*, 2013 WL 2552038, at *6 (Bankr. W.D. Va. June 13, 2013), the court held exempt one-time settlements used for medical care and subsistence do not undermine undue hardship claims. The same logic applies here.

**D. ED's Findings Support Discharge Under DOJ Guidance**

The Department of Education has reviewed Plaintiff's loan servicing history and repayment efforts and issued a formal recommendation supporting discharge. Their findings confirm:

**First Factor (Present Circumstances):**
- Zero income as of January 28th, 2025
- Monthly expenses were $2,811.12 when employed
- Substandard living conditions
- No dependents, assets, or steady employment prospects

8

**Second Factor (Future Circumstances):**

- Chronic injury and long-term unemployment

- Loans in repayment for over 10 years

- No record of graduation, multiple withdrawals

- Additional Hardship – imminent parenthood pregnancy-related and newborn care expenses will consume any available funds, making repayment impossible without sacrificing essential family needs

**Third Factor (Good Faith Efforts):**

- 17 documented contacts with servicers

- Twenty deferment/forbearance applications totaling 31 months

- Requested enrollment in IDR plans and attempted consolidation

- $73 in payments made despite limited income

**E. ED Recommends Stipulating to discharge in debtors favor**

In its *March 10th, 2025* letter, ED explicitly recommends:

***"Stipulating to the facts necessary to demonstrate an undue hardship, recommending discharge to the court, or otherwise consenting to a loan discharge if the Attestation shows the debtor's allowable expenses exceed their income."***

9

This recommendation is based on ED's internal review of Plaintiff's NSLDS records, servicing history, and the DOJ Guidance. ED confirms that Plaintiff's loans are held by the Department and serviced by Nelnet, totaling $39,026.64 with a standard repayment obligation of $714.71/month—an amount clearly unaffordable given Plaintiff's current financial status.

## V. CONCLUSION

Plaintiff respectfully requests that this Court grant summary judgment and discharge his student loan debt under 11 U.S.C. § 523(a)(8), as repayment would impose an undue hardship. The Department of Education's findings and recommendations further support this relief. This motion is directed against both Defendants: the United States Department of Education and Nelnet, Inc.

The undisputed evidence meets both the *Brunner* and *Totality of Circumstances* standards. Plaintiff's medical limitations, lack of income, substandard living conditions, and documented good-faith repayment efforts—now joined by the imminent financial obligations of first-time parenthood—make repayment impossible without depriving his family of life's basic necessities.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the motion and enter an order declaring his student loans discharged under 11 U.S.C. § 523(a)(8) as to both Defendants, the United States Department of Education and Nelnet, Inc., together with such other and further relief as the Court deems just and proper.


Respectfully submitted,

*/s/ HKA*

H.E. Neter Kush Ben Alkebulan
Plaintiff *Pro Se*
6304 Claypoint Road
Chesterfield, VA 23832
P: (702) 540-8997
E: hisexcellencyalkebulan@gmail.com

Dated: September 8th, 2025

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF VIRGINIA

# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-34499-KHK |
| H E Neter Kush Ben Alkebulan, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| H E Neter Kush Ben Alkebulan, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 25-03005-KHK |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| NELNET, INC., | ) | |
| | ) | |
| Defendants. | ) | |

RICHMOND DIVISION
FILED SEP 10 2025
CLERK U.S. BANKRUPTCY COURT

## NOTICE OF MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that the Plaintiff, **H.E. Neter Kush Ben Alkebulan**, will move before the Honorable Klinette H. Kindred, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Eastern District of Virginia, Richmond Division, located at 701 East Broad Street, Richmond, Virginia 23219, Courtroom 5000, on **October 29, 2025 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, for an Order granting Plaintiff's Motion for Summary Judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure.

The Motion seeks a determination that repayment of Plaintiff's federal student loan obligations would impose an undue hardship within the meaning of 11 U.S.C. § 523(a)(8), and that such debts are therefore dischargeable.

PLEASE TAKE FURTHER NOTICE that any response or objection to the relief requested in the Motion must be filed with the Clerk of the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division, and served upon the Plaintiff at the address below, **no later than October 1, 2025**, in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

PLEASE TAKE FURTHER NOTICE that if no timely written response is filed and served, the Court may grant the relief requested in the Motion without further notice or hearing.

Dated: 9-8-2025
Chesterfield, Virginia

Respectfully submitted,

/s/ HKA

H.E. Neter Kush Ben Alkebulan
Plaintiff *Pro Se*
6304 Claypoint Road
Chesterfield, VA 23832
P: (702) 540-8997
E: hisexcellencyalkebulan@gmail.com

## CERTIFICATE OF SERVICE

I, H.E. Neter Kush Ben Alkebulan, certify that on September 8th, 2025, I served a copy of the foregoing **Notice of Motion for Summary Judgment** and Motion for Summary Judgment and Exhibits by first-class United States mail, postage prepaid, addressed to:

ATTN: Robert P. McIntosh
United States Attorney's Office
Eastern District of Virginia - Richmond Division
919 East Main Street, Suite 1900
Richmond, Virginia 23219

Nelnet, Inc.
Office of the General Counsel
121 South 13th Street, Suite 201
Lincoln, NE 68508

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: 9-8-2025

Signature: _____

H.E. Neter Kush Ben Alkebulan

# Judge's Quick View – Summary Judgment Motion
# (11 U.S.C. § 523(a)(8))

## Case Posture

- **Relief Sought:** Discharge of $39,026.64 in federal student loans (held by U.S. DOE, serviced by Nelnet).
- **Procedural Status:** Adversary proceeding filed Feb. 10th, 2025; motion for summary judgment supported by DOE's own recommendation for discharge under DOJ Nov. 2022 Guidance.
- **Legal Standards:** *Brunner* and *Totality of Circumstances* tests; both satisfied on undisputed evidence.

## Key Facts (Chronological)

| Date | Event |
|---|---|
| Feb 7, 2018 | Rear-end collision → severe spinal and orthopedic injuries; chronic pain; permanent mobility restrictions. |
| Jan 2019 | $22,318.62 personal injury settlement (Va. Code § 34-28.1 exempt) — spent entirely on medical care, therapy, and subsistence; no funds applied to loans. |
| 2012–2015 | Loans entered repayment; over 10-year repayment history established. |
| 2012–2024 | $73 total paid; 20 deferments/forbearances (31 months); 17 servicer contacts; attempted IDR ($336.24 unaffordable). |
| Nov 26, 2024 | Chapter 7 petition filed. |
| Jan 28, 2025 | Zero income; pre-unemployment expenses $2,811.12/mo; living in shed lacking kitchen/bathroom. |
| Mar 10, 2025 | DOE letter: confirms good faith, recommends stipulating to facts and consenting to discharge. |
| Aug 18, 2025 | Learned girlfriend of 13 years is expecting first child — imminent dependent care costs will further limit resources. |

**Undisputed Hardship Evidence**

- **Income:** $0 as of Jan 2025.
- **Expenses:** $2,811.12/mo when employed; now unable to meet basic needs.
- **Housing:** Substandard (shed, no private kitchen/bath).
- **Medical:** Permanent spinal and orthopedic impairments; chronic pain; restricted mobility; long-term vocational limitations.
- **Employment Prospects:** No sustainable earning capacity; limitations are indefinite.
- **Good Faith:** DOE attestation confirms borrower engaged servicers, pursued IDR, made payments despite hardship.
- **Family Obligations:** First-time parenthood in the coming months — unavoidable increase in basic living costs.

**Legal Conclusion**

**Brunner Test:**

1. **Minimal Standard of Living:** Documented inability to meet essential expenses without forgoing necessities.
2. **Persistence:** Injuries, vocational limits, and lack of degree make hardship enduring.
3. **Good Faith:** Repeated, documented efforts to repay and explore repayment options.

**Totality of Circumstances:**

- Zero income, substandard housing, chronic medical limitations, and imminent dependent support create long-term insolvency.
- DOE's own review recommends discharge — eliminating any genuine dispute of material fact.

**Recommendation:** Grant summary judgment. Undisputed material facts and creditor's concession establish undue hardship as a matter of law under 11 U.S.C. § 523(a)(8).